09-1372-cv
American Home Assurance Company v. Central Transport International, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty fifth day of November two thousand and nine.

PRESENT:

    JOSÉ A. CABRANES,
    CHESTER J. STRAUB,
    RICHARD C. WESLEY,
        *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

AMERICAN HOME ASSURANCE COMPANY,

        *Plaintiff-Appellee,*

    v.                                   No. 09-1372-cv

CENTRAL TRANSPORT INTERNATIONAL, INC.,

        *Defendant-Appellant,*

CENTRAL TRANSPORT, INC.,

        *Defendant.*

1

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –x

FOR PLAINTIFF-APPELLEE:                    JAMES J. RUDDY (Tammy Fastman, *of counsel*),
                                                           McDermott & Radzik, LLP, New York, NY

FOR DEFENDANT-APPELLANT:             JAMES R. LLOYD (Paul D. Keenan, *on the brief*),
                                                           Keenan Cohen & Howard P.C., Jenkintown,
                                                           PA

Appeal from an order and judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Central Transport International, Inc. ("defendant") appeals from a November 18, 2008 order of the District Court granting Plaintiff-Appellee American Home Assurance Company's ("plaintiff") motion for partial summary judgment on plaintiff's claim for breach of an oral settlement agreement. On appeal, defendant argues that the District Court misapplied New York law and improperly drew inferences in plaintiff's favor in concluding that the parties intended their oral agreement to be legally binding. We assume the parties' familiarity with the remaining factual and procedural history of the case.

The parties agree that, under New York law, intent to be legally bound by an oral agreement is discerned by weighing, *inter alia*, the following four factors, none of which is dispositive: (1) whether there has been an express or implied reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement is the type of contract ordinarily committed to writing. *See Winston v. Mediafare Entm't Corp.*, 777 F.2d 78, 80 (2d Cir. 1986); *see also Consarc Corp. v. Marine Midland Bank, N.A.*, 996 F.2d 568, 575-76 (2d Cir. 1993) (listing 16 factors that are commonly considered). The parties' intent must be discerned from "the words and deeds of the parties which constitute *objective signs* in a given set of circumstances." *Winston*, 777 F.2d at 80 (emphasis added) (internal quotation marks and brackets omitted). Summary judgment is appropriate if the evidence "reveal[s] uncontroverted objective signs evincing an intent . . . to be bound." *Consarc*, 996 F.2d at 576.

Here, as the District Court found, there is no *objective* evidence that either party expressly or impliedly reserved the right not to be bound by their oral agreement. Daniel McDermott ("McDermott"), an attorney for plaintiff who negotiated on its behalf, attested that he was

2

authorized to settle the claim by his client and that David Rigelhof ("Rigelhof"), who negotiated the settlement on behalf of defendant, confirmed that his "boss" had authorized the settlement.[1] Although Rigelhof's supervisor, Jeffrey Cackowski, testified that any agreement Rigelhof reached was subject to approval, defendant has presented no evidence contradicting McDermott's sworn statement that, at the time of the agreement, Rigelhof "confirmed that his 'boss' authorized the $80,000 settlement." J.A. 106. In assessing whether a party reserved the right not to be bound we look to the words and deeds which constitute *objective signs* of intent, *see Winston*, 777 F.2d at 80, and here the only objective evidence indicates an intent to be bound.

We are unpersuaded that the remaining *Winston* factors lend support to a different conclusion. Although defendant argues that neither party began performance of the contract, the record reveals that (1) McDermott confirmed the agreement in a writing to defendant, (2) Rigelhof initiated the process for obtaining a settlement check, and (3) Rigelhof told McDermott that he was putting the check in the mail. Moreover, the fact that plaintiff forewent bringing a claim until after defendant repudiated the oral agreement demonstrates that it *was* performing its end of the bargain.

Defendant also argues that the settlement agreement was not binding because all of the terms were not agreed to. Specifically, it identifies a number of terms that it ordinarily requires as part of settlement agreements, including a release of related claims, indemnification, and a choice of law provision. It is undisputed, however, that McDermott and Rigelhof never discussed these terms, much less intended their agreement to be nonbinding in their absence. Although defendant characterizes these terms as being "essential" to the contract, in reality they are simply additional terms that, in hindsight, it wishes it had bargained for.

Finally, although the amount at issue was not insubstantial, the parties' agreement was far from complex. The settlement concerned a straightforward claim for damaged freight and was to be resolved by a lump sum payment. In such circumstances, an oral agreement is not so unusual that a jury could infer, from the size of the settlement alone, that the parties did not intend to be bound in the absence of a writing.

---

[1] Defendant argues that because McDermott required approval from his client to settle the claim, there was no mutual intent to be bound at the time the agreement was reached. There is no evidence, however, that McDermott ever informed Rigelhof that their agreement was not binding unless and until he gained approval. Moreover, other objective evidence in the record is entirely consistent with plaintiff's position that a binding agreement was reached on July 31, 2007. *See, e.g.*, J.A. 113 (letter dated July 31, 2007, from McDermott to Rigelhof confirming the agreement that had been reached); J.A. 114 (letter dated August 15, 2007, from McDermott to Rigelhof inquiring about when funds could be expected and including handwritten notation that a check will be in the mail on Tuesday); J.A. 106 (McDermott's uncontroverted affidavit that Rigelhof informed him by telephone on August 15, 2007, that the settlement check would be mailed the following Tuesday).

## CONCLUSION

We have considered all of defendant's arguments and find them to be without merit.  For the foregoing reasons the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯